```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

JOSEPH HODGE,                        )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    Civil No. 2014-77
                                     )
ARCOS DORADOS PUERTO RICO, INC.      )
d/b/a MCDONALD'S,                    )
                                     )
            Defendant.               )
                                     )
                                     )
```

ATTORNEYS:

**Ryan W. Greene, Esq.**
St. Thomas, U.S.V.I.
　*For Joseph Hodge,*

**Kyle R. Waldner, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, U.S.V.I.
　*For Arcos Dorados Puerto Rico, Inc. d/b/a McDonald's.*


## ORDER[1]

**GÓMEZ, J.**

　　Before the Court is the motion of Arcos Dorados Puerto Rico, Inc. d/b/a McDonald's to dismiss Count One and Count Three of Joseph Hodge's Complaint for failure to state a claim.

　　When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes

---

[1] The Court will issue a memorandum opinion outlining its reasons at a later date.

Hodge v. Arcos Dorados Puerto Rico, Inc.
Civ. No. 2014-77
Order
Page 2

the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard

requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement of relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[2]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

The premises considered it is hereby

**ORDERED** that, as to Count One, the motion to dismiss is **GRANTED** insofar as it asserts a claim for discrimination; it is further

---

[2] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

*Hodge v. Arcos Dorados Puerto Rico, Inc.*
Civ. No. 2014-77
Order
Page 4

    **ORDERED** that Count One, insofar as it asserts a claim for discrimination, is **DISMISSED**; it is further

    **ORDERED** that, as to Count One, the motion to dismiss is **DENIED** insofar as it asserts claims for retaliation or hostile workplace; it is further

    **ORDERED** that, as to Count Three, the motion to dismiss is **GRANTED** insofar as it asserts a claim for discrimination; it is further

    **ORDERED** that Count Three, insofar as it asserts a claim for discrimination, is **DISMISSED**; it is further

    **ORDERED** that, as to Count Three, the motion to dismiss is **DENIED** insofar as it asserts claims for retaliation or hostile workplace; it is further

    **ORDERED** that the Motion for Extension of Time to File Response docketed at ECF Number 17 is **MOOT**; and it is further

    **ORDERED** that, to the extent Joseph Hodge wishes to do so, he may amend Counts One and Three of the Complaint by no later than 3:00 P.M. on Wednesday, October 21, 2016.

S\_____
    **Curtis V. Gómez**
    **District Judge**